82, 877-04

Patrick D. Moreno
3060 FM 3514, #01752336
Beaumont, Texas 77705.

June 10, 2016.

This document contains some pages that are of poor quality at the time of imaging.

Abel Acosta, Clerk
Texas Court of Crim. App.
P.O. Box 12308
Austin, Texas 78711.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 15 2016

Abel Acosta, Clerk

Re: Moreno, Patrick D., Relator - Pro Se
      V.
      Rios, Gonzalo P., Jr., Respondent.

Dear Mr. Acosta:

Greetings. Enclosed please find original Motion for Leave, application for Writ of Mandamus - with exhibits and Inmate's Unsworn Declaration, for the return of a June 9, 2011, letter which was loaned and entrusted for appellate lawyer, Gonzal P. Rios, Jr., use on my direct appeal, pursuant to Tex. Disc. R. Prof'l Cond. 1.14(b); 1.15(d).

Please file stamp and bring to the attention of this Honorable Court. Thank you for your time and consideration.

Respectfully yours,

Patrick D. Moreno, Relator - Pro Se

Gonzalo P. Rios, Jr.
Enclosures as stated:
CC:
     PMoreno / File.

Patrick D. Moreno, Relator - Pro Se
TDCJ No. 01752336
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705.

CAUSE NO.______________

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS.

---

IN RE MORENO, PATRICK D.
TDCJ NO. 01752336.

---

MOTION FOR LEAVE TO FILE ORIGINAL APPLICATION FOR WRIT OF MANDAMUS.

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Patrick D. Moreno, Relator-Pro Se, and respectfully moves this Honorable Court for leave to file Relator's ("Moreno") original application for Writ of Mandamus pursuant to Tex. Disc. R. Prof. Cond. 1.14(b) and Tex. Disc. R. Prof. Cond. 1.15(d) and, would show the Court the following:

I.

Moreno was convicted of manslaughter, which was enhanced by a prior conviction to a first degree felony, by a jury in the 112th District Court in Pecos County, Texas, on November 3rd, 2011. Punishment was

assessed by the jury at 99-years confinement with a $10,000- fine. Moreno's appellate lawyer, Gonzalo P. Rios, Jr., filed an Anders brief with Motion To Withdraw on February 6th, 2013, in the Eighth Court of Appeals at El Paso, Texas. Moreno subsequently filed his pro se brief on June 11, 2013; Amended pro se brief on August 5th, 2013 and, Reply pro se brief to the State's brief on November 3rd, 2013.

II.

The Eighth Court of Appeals rendered its opinion and order of Moreno's appeal cause number 08-12-00028-CR to affirm the conviction on March 28th, 2014. Mandated on August 11th, 2014.

III.

Moreno filed a Motion For Leave and a Motion For Extension Of Time For Rehearing with the Eighth Court of Appeals on October 15th, 2014, but received a letter dated "October 20, 2014," from Denise Pacheco, Clerk for the Court, stating the Court no longer has jurisdiction.

IV.

On November 10th, 2014, Moreno filed an application for a writ of habeas corpus with supporting memorandum of law pursuant to article 11.07 of the Tex. Code Crim. Proc. for out-of-time appeal to file a

petition for discretionary review (pdr) with the Court of Criminal Appeals – a Motion For Leave to file application for Mandamus regarding this 11.07 was filed by Moreno, pro se, on February 9th, 2015; this Court held the application in abeyance in a May 13th, 2015, Order Per Curiam, no. WR-82,877-02. Moreno received trial court's recommendation to deny habeas corpus relief on August 28th, 2015. On September 23rd, 2015, this Court denied without written order the application for writ of habeas corpus on the findings of the trial court without a hearing. Moreno's subsequent Motion For Reconsideration was dismissed pursuant to Rule 79.2(d).

V.

Incidentally, on December 30th, 2013, Moreno filed a pro se omnibus motion for the return of his trial lawyer's, Frank Lacy, letter to Moreno dated on June 9, 2011, of Lacy's assertion of Gay Davidson having culpability in her daughter's, Jennifer Lynne Pattillo (Christian), death. This omnibus motion for the return of said letter and among other things, was denied by the Eighth Court of Appeals without written order.

VI.

On November 17th, 2015, Moreno filed his pro se habeas corpus challenging the conviction against him which is now pending in this Court of Criminal Appeals of Texas. It was received and presented to the Court on

May 18th, 2016, without any finding of facts and conclusions of law and recommendation from the 112th convicting trial court pursuant to art. 11.07 of the Tex. Code Crim. Proc.

Moreno now files this Motion For Leave to file application for Mandamus

WHEREFORE, PREMISES CONSIDERED, Moreno prays that this Honorable Court Grant leave to file original application for Writ of Mandamus pursuant to Tex. Disc. R. Prof. Cond. 1.14(b) and 1.15(d).

Respectfully submitted,

[signature]

Patrick D. Moreno, Movant-Pro Se
TDCJ No. 01752336
3060 FM 3514
Beaumont, Texas 77705.

## CERTIFICATE OF SERVICE

I certify that a carbon copy of this document was mailed to appellate attorney, Gonzalo P. Rios, Jr., by U.S. Postal, pre-paid postage, addressed to: Gonzalo P. Rios, Jr., 228 W. Harris, San Angelo, Texas 76903 on this the 10th day of June, 2016.

[signature]

Patrick D. Moreno, Movant-Pro Se
TDCJ No. 01752336

CAUSE NO.________________

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

---

| | | |
|---|---|---|
| MORENO, PATRICK D.<br>TDCJ NO. 01752336, | § | RELATOR, |
| V. | § | |
| RIOS, GONZALO P., JR.<br>LAW OFFICE OF<br>GONZALO P. RIOS<br>SAN ANGELO, TEXAS. | §<br><br><br>§ | RESPONDENT. |

---

# PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS.

---

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, Patrick D. Moreno, Relator-pro se, in the above styled and numbered cause of action and files this Original Application for Writ of Mandamus, pursuant to Tex. Disc. R. Prof. Cond. 1.14(b) and 1.15(d) and would show the Court the following:

# RELATOR

Patrick D. Moreno, TDCJ No. 01752336, is incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at the Mark W. Stiles Unit, 3060 FM 3514, Beaumont, Jefferson County, Texas 77705.

Moreno has exhausted his remedies and has no other adequate remedy at law.

The act sought to be compelled is ministerial, not discretionary in nature, nor is it involving legal advise, or legal representation. The Tex. R. Prof. Cond. 1.14(b) requires that, "... a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property." See Exh. (A)(B) and (C). The term "other properties," would include such items as a client's papers and other documents that the attorney has in his file. Hebisen v. State, 615 S.W.2d 866, hn 3 (Tex. Civ. App. Houston [1st Dist.] 1981) and In re George, 28 S.W.3d 511 (Tex. Crim. App. 2006) for work product on client. No papers belonging to Moreno has been returned to him despite repeated requests to appellate counsel and Respondent, Mr. Gonzalo P. Rios, Jr.

The paper/letter Moreno seeks to recover is a June 9, 2011, from his co-counsel, Frank Lacy, in his assertion that he believes the deceased's mother having culpability in her demise and; yet, fails to impeach her testimony at Moreno's murder trial four (4) months later. This is pertinent to Moreno's ongoing appellate process. Exh. (A).

This June 9, 2011, letter was on loan to Mr. Rios only in effort by Moreno in assisting in his direct appeal.

II.

## RESPONDENT

Respondent, Gonzalo P. Rios, Jr., in his professional duty and, as appellate attorney advocating in Moreno's direct appeal, is responsible for the quality of justice as an officer of the legal system.

In representing a client, a lawyer shall not frequently fail to carry out completely the obligations that the lawyer owes to a client. Tex. Disc. R. Prof'l Cond. 1.01(b)(2).

"..., surrendering papers and property to which the client is entitled..." Rule 1.15(d). In every instance of withdrawal and even if the lawyer has been unfairly discharged by the client, a lawyer must take all reasonable steps to mitigate the consequences to the client. See paragraph (d). The lawyer may retain papers as security for a fee only to the extent permitted by law. In re George, at 516, comment. 9 of Rule 1.15(d).

III.

## VIOLATION OF TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT 1.14(b) AND 1.15(d).

Mr. Rios has violated Tex. Disc. R. Prof'l Cond. 1.14(b) and 1.15(d) by failing to return the requested June 9, 2011, letter from Mr. Lacy to Moreno Four (4)

months before his October 31, 2011, murder trial.

To date, Moreno has received no letter or of the requested letter from Mr. Rios.

Mr. Rios was court appointed to represent Moreno on direct appeal. Thus, a court should not deprive a client of his or her property without a compelling reason. See Griffith v. Geffen & Jackson, P.C., 693 S.W.2d 724, 728 (Tex. App.-Dallas, no writ) (allowing attorney to retain a client's papers as security for payment of the attorney's fee); Tex. Disc. R. Prof'l Cond. 1.15(d) and cmt. 9.

Moreno filed an Omnibus Motion on December 30, 2013, for the return of Lacy's letter, among other things, but was denied by the Eighth Court of Appeals without written order.

A complaint to the State Bar of Texas was filed and dismissed pursuant to Rule 2.10, on February 10, 2016.

Moreno wishes only to have the return of this June 9, 2011, letter as it is very important for his "actual innocence" claim in his appellate process. It is so hard to understand why Mr. Rios will not return this document even after providing him a S.A.S.E. in a January 26, 2015, letter to him. Exh. (C). This is indeed Moreno's property and was entrusted to Mr. Rios in good faith; temporary use only for the direct appeal process in hopes of assisting Mr. Rios. There should be no anxiety/regrets in doing so but, this is what has happened to Moreno.

# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Moreno prays that he brought this litigation in good faith and has substantially prevailed and that this Honorable Court finds Gonzalo P. Rios, Jr. in violation of the Texas Disciplinary Rules of Professional Conduct 1.14(b) and 1.15(d) cmt. 9 and Order Rios to return the requested June 9, 2011, letter by trial attorney Frank Lacy, to Moreno.

Respectfully submitted,

[signature]

Patrick D. Moreno, Relator-Pro Se
TDCJ No. 01752336
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

# CERTIFICATE OF SERVICE

I hereby certify that a carbon copy of this Application was served on Respondent, Gonzalo P. Rios, Jr., by U.S. Postal Service, prepaid first-class postage, addressed to: Gonzalo P. Rios, Jr., Attorney, 228 W. Harris, San Angelo, Texas 76903 on this the 10th day of June, 2016.

[signature]

Patrick D. Moreno, Relator-Pro Se
TDCJ No. 01752336

NOTICE

INMATE NOTARY PUBLIC SERVICE

Under both Federal Law (28 U.S.C. § 1746) and State Law (V.T.C.A. Civil Practice & Remedies Code, & 132.001-132.003), inmate incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, clarification, oath, or affidavit sworn before a Notary Public. An example of an unsworn declaration is as follows:

Unsworn Declaration

I, Offender Patrick D. Moreno, TDCJ Number 01752336 am presently incarcerated at the Mark W. Stiles Unit of the Texas Department of Criminal Justice in Jefferson County, Texas declare under penalty of perjury that the above is true and correct.

Signed on the 10th day of June, 2016.

Patrick DeLaCruz Moreno
Printed Name

Patrick DeLaCruz Moreno
Signature

Letter 21 SENT 1 COPY TO CHMP

# Exh. (A)

September 11, 2012
Tuesday

Dear Mr. Rios,

I just received your note dated 9/7/12, regarding in you receiving my record just last week.

Can I, please, get a copy of this trial record? I question the accuracy, possible omitted items and completeness of this record due to the reporter's difficulties in completing this record. I am suspicious of the veracity of this record.

I also received the rest of my discovery, finally, last week on the 6th of September, 2012.

I am enclosing ~~six~~ seven pages from it, of various forms, so that you can have more insight to the trial record. Please, return to me when you are through with them; the items: (1) State's motion for discovery of experts (2) letter from Wofford, November 18, 2010 of possible defense medical experts (3) letter from Lacy, June 9, 2011 of his assertion Gay having culpability in Jennifer's death (4) letter from Lacy, February 21, 2011 of list of witnesses who could have impeached Gay's statement of "Jennifer's increasing bruising" see page 4 of Ms. Davidson's statement (5) E.G. Davidson's statement, page 4 (6) Davidson's affirmation of what happened to Jennifer, as I had been saying, back in El Paso, Texas on around January, 2010 and (7) letter from Lacy, June 29, 2011 regarding autopsy photos.

I want to point out these, and especially about the defense medical expert, of which I believe never existed! And if so, why didn't I even see her, her report / him, his report nor so much as got a name. I needed to speak to this med. expert about Jennifer's assault in El Paso.

What kind of "trial ~~a~~ strategy" is it to not cross-examine nor confront Ms. Davidson after reading her disposition, phone records (I provided to you) and Gay's and Vicky's (her sister) very odd behavior before, during and after Jennifer's ~~behavior~~ condition and demise?!

I pray, Mr. Rios, you can clear this up enough to, at least, get my conviction reversed and remanded in so the whole truth and nothing but the truth can come out so justice can prevail.

Incl: 3 letters from Att. Lacy; 1 pgs. of Davidson statement; 1 pg of States motion of expert wit. and 1 letter from Att. Wofford.

Respectfully,

Patrick D. Moreno

Letter #36 cc: 112th 1-31-13
CofA 2-1-13

January 30, 2013
Wednesday

Exh. (B)

Dear Mr. Rios,

Today I received your letter along with the appellants brief [illegible] January 24, 2013 and January 21, 2013 [illegible]

[illegible] January 24, 2013.

[illegible] your [illegible] the [illegible] the law [illegible] of any sort."

[illegible] you [illegible] cause numbers [illegible] my [illegible] motion to [illegible] My cause numbers [illegible] 12-[illegible]-CR [illegible] 12-[illegible]-CR (in your letter to me dated January 24, 2013), [illegible] 12-12-[illegible]-CR [illegible]

[illegible]

[illegible]

In the [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible] you [illegible] [illegible] mail [illegible] [illegible] by the [illegible] on [illegible] 14, 2011 [illegible]

[illegible]

[illegible] you [illegible] asked [illegible] [illegible] in the [illegible] on my [illegible] documents [illegible] [illegible] on you [illegible]

└ page 2

( [illegible] [illegible] [illegible] [illegible] [illegible] to me [illegible] )

[illegible]

CC:

Sincerely,

[illegible]

Page 1 of 2

P.S.

Since you are withdrawing as counsel on my case, I formally request that you mail me all transcripts, clerk records, and any other items that are in your possession as they pertain to my case.

cc: File
Appellate Court
Magistrate Court

Respectfully,

Patrick D. Moreno,
Appellant

COPIED VERBATIM:

Exh. (B)

January 30, 2013
Wednesday

Dear Mr. Rios,

Today, I received you letter, along with the appellants' brief, dated January 24, 2013 and January 21, 2013 for the brief.

I respectfully and humbly disagree with your opinion, "there is no issue upon which to base a meritious of any sort."

Furthermore, you give two different cause numbers for my appeal, neither is correct. My cause number is 08-12-000<u>28</u>-CR. Not 08-12-000<u>26</u>-CR (in you letter to me dated January 24, 2013) nor is it 08-12-000<u>27</u>-CR, as noted in your brief for my appeal. (unable to read to copy the rest of this pargraph).

In the appellants brief on page 2, in which you prepared, you state that the motion for new trial was filed (CR82), overruled by operation law, when in fact it was heard by the Honorable Dick Alcala on December 14, 2011, (on the grounds of sleeping juror and for the interest of justice) in which he denied the motion for new trial.

Since you have asked the Court of Appeals to withdraw as my counsel, I will refrain from further discrepencias

I have found in your brief.

( In conclusion, I pray that all material I sent to you, e.g., letter from attorney Frank Lacy stating he "believes Ms. Gay Davidson has some culpability to her daughter's demise" be returned to me for my pro se proceeding.)

CC:

Patrick D. Moreno #175233
3060 FM 3514
Beaumont, Texas
77705

P.S.

Since you are withdrawing as counsel in my case, I formally request that you mail me all court transcripts, Clerk's record, and any other items that are in your possession as they pertain to my case.

Respectfully,

Patrick D. Moreno
Appellant

CC: File
Appellate Court
112th District Court

Exh. (C)

Law Office Of
Gonzalo P. Rios, Jr.
228 W. Harris
San Angelo, Texas 76903

26 January 2015

Re: Patrick D. Moreno
v.
The State of Texas
Appeal No. 08-12-00028-CR, Trial No. P-3156-112-CR

Dear Mr. Rios:

I never received a certified letter of the Eighth Court of Appeals' Opinion and Order to affirm the 112th Trial Court's conviction in my case, persuant to Rule 48.1 of the Tex. R. App. Proc. This decision was handed down on March 28, 2014. May I please receive a copy of this?

Also, I am enclosing a S.A.S.E. for the return of my trial attorney's letter, dated June 9, 2011, to me from Frank Lacy. I implore you to do this for me Sir, it is pertinent to my proceedings. This letter is about Mr. Lacy's belief that Ms. Elizabeth G. Davidson's culpability to her daughter's demise.

Please respond to the address below. The same since January, 2012.

Thank you for your time and consideration.

Patrick D. Moreno

Patrick D. Moreno, Defendant
TDCJ No. 01752336
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

Enclosures as stated
XC:
Moreno/File